NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALLERGAN, INC.,**
*Plaintiff-Appellee,*

v.

**SANDOZ INC., ALCON LABORATORIES, INC., ALCON RESEARCH LTD., ALCON, INC., AND FALCON PHARMACEUTICALS, LTD.,**
*Defendants-Appellants,*

AND

**APOTEX INC. AND APOTEX CORP.,**
*Defendants-Appellants,*

AND

**WATSON LABORATORIES, INC.,**
*Defendant-Appellant.*

---

2011-1619, -1620, -1635, -1639

---

Appeals from the United States District Court for the Eastern District of Texas in consolidated case No. 09-CV-0097, Judge T. John Ward.

-------------------------------------------------------------------------

**ALLERGAN INC.,**
*Plaintiff-Appellant,*

v.

**SANDOZ INC., ALCON LABORATORIES, INC., ALCON RESEARCH LTD., ALCON, INC., AND FALCON PHARMACEUTICALS, LTD.,**
*Defendants-Appellees,*

AND

**APOTEX INC. AND APOTEX CORP.,**
*Defendants-Appellees,*

AND

**WATSON LABORATORIES, INC.,**
*Defendant-Appellee.*

_____

**2012-1005, -1013**

_____

Appeals from the United States District Court for the Eastern District of Texas in consolidated case No. 09-CV-0097, Judge T. John Ward.

_____

**ON MOTION**

_____

Before BRYSON, MAYER, and LINN, *Circuit Judge.*

BRYSON, *Circuit Judge.*

### ORDER

Sandoz Inc., Alcon Laboratories, Inc., Alcon Research Ltd., Alcon, Inc., and Falcon Pharmaceuticals, Ltd. (col-

lectively, Sandoz) move to dismiss Allergan, Inc.'s cross-appeal. Allergan opposes. Sandoz replies.

Allergan brought this suit under the Hatch-Waxman Act. Allergan's complaint charged Sandoz and the other defendants with infringement of U.S. Patent Nos. 7,030,149, 7,320,976, 7,323,463, and 7,642,258. The complaint sought to enjoin the defendants from marking a generic version of Allergan's Combigan® product.

The district court granted summary judgment of non-infringement as to claims 1-3 of the '149 patent, but found that Sandoz's generic product infringed claim 4 of the '149 patent and infringed asserted claims of the other patents. The district court also found that the claims held to be infringed were valid. According to Allergan, however, the district court did not address validity issues relating to claims 1-3 of the '149 patent in light of the court's non-infringement determination. As a result, the court enjoined Sandoz from marking its generic version of the Combigan® product.

Sandoz has appealed from the final judgment of infringement and validity, and Allergan filed cross-appeals relating to the summary judgment of non-infringement as to claims 1-3 of the '149 patent. "A party may cross-appeal if adversely affected by the appealed judgment in some particular which it seeks to have modified." *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1156 (Fed. Cir. 2004). A cross appeal may only be filed "when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment." *Bailey v. Dart Container Group Corp.*, 292 F.3d 1360, 1362 (Fed. Cir. 2002).

The court agrees that a cross-appeal would be improper under these circumstances. Because the district court enjoined Sandoz from marketing a generic version of

the Combigan® product based on the infringement of claim 4 of the '149 patent, a cross-appeal from the non-infringement determinations as to claims 1-3 of the same patent could not result in the enlargement of Allergan's rights under the judgment. As long as Sandoz is found to infringe at least one claim of the '149 patent, the judgment—the injunction against marketing a generic version of Combigan—will remain the same.

Allergan is of course free to raise arguments regarding claim construction and non-infringement as to claims 1-3 of the '149 patent in its response brief. To the extent that Allergan wishes to argue that the district court erred in not addressing validity issues as to claims 1-3 of the '149 patent, those arguments too can be raised in the response brief. However, since there is currently no adverse judgment on validity of those claims to Allergan, a cross-appeal would be improper.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss the cross-appeal is granted. Appeal nos. 2012-1005 and 2012-1013 are dismissed.

(2) Each side shall bear its own costs in 2012-1005 and 2012-1013.

(3) The revised official caption is reflected above.

FOR THE COURT

APR 0 4 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 0 4 2012

JAN HORBALY
CLERK

cc: Deanne E. Maynard, Esq.
    Jonathan E. Singer, Esq.
    Robert B. Breisblatt, Esq.
    Gary Edward Hood, Esq.

s24

Issued As A Mandate (as to 2012-1005, -1013 only): **APR 0 4 2012**